Baldwin, J.
This matter originated in the probate court, and was a contest over the amount of the year’s allowance of a widow. An attempt was made to reduce it, which was heard.
Caroline S. Welsh, executrix of James Welsh, claiming to be a creditor of the estate of Dunham, after this action was tried in the probate court took an appeal to the court of common pleas.
In the court of common pleas a motion was made to dismiss the appeal on the ground that she was not a creditor of the estate. That motion was decided against her upon the ground claimed, and the appeal was dismissed. From that action a writ of error is prosecuted to this court. She took the appeal from the probate court by virtue of Revised Statutes, section 6407. That provides for appeals in such cases, to be taken “by any person against whom such order, decision, or decree shall be made, or who may be affected thereby, and the cause so appealed shall be tried, heard and decided in the court of common pleas in the same manner as though the said court of common pleas had original jurisdiction thereof.”
*161 The entry in the probate court found her “prima facie, a creditor of the estate,” and therefore she was allowed to give bond for appeal and have the papers transferred to the court of common pleas.
It is said that the court of common pleas could, not go into an investigation of the question as to whether or not she was a creditor. The statute does not provide that the probate court shall pass upon the allowance of that appeal, and we find nothing in the statute that.fixes the probate court as the court that is to finally determine whether or not a person who appeals is a creditor. In this case the probate court did not even find that she was a creditor, but that she was “ prima facie” a creditor. We do not see that the court of common pleas was forbidden to inquire whether or not she had such an interest in the estate, that she was entitled under section 6407 to appeal. Caroline S. Welsh, by her attorney, introduced, in order to substantiate her claim, what purported to be a judgment in her favor in an action brought in the court of common pleas against the estate of Alfred Dunham, the circumstances of which were these : she had brought suit as the executrix of the estate of James Welsh upon two notes against Mrs. Dunham, as executrix of the estate of Alfred F. Dunham. While that suit was pending, Mrs. Dunham was removed as executrix of the estate, and a new administrator, was appointed. No revivor ivas made by which the successor to Mrs. Dunham was made a party to that suit, and it proceeded as if she still represented the estate, and judgment was rendered against her. The attorney claiming to make a case in favor of C. S. Welsh, executrix, as creditor, rests upon that judgment, which brings directly in question its force. If that was a valid judgment against the estate of Dunham, her claims, as a creditor of the estate, were completely and- absolutely established. But we do not think that that is so. We understand the rule to be that when an administrator or executor ceases to be such, that is, for the purpose of a pending suit, the rep *162 resentation of that estate by that person ceases, and that a revivor should be had. That is amply proved and provided for by two sections of the code. Section 5146 provides : “ When there are several plaintiffs or defendants, and one of them dies, or his powers as a personal representative cease, if the right of action survive to or against the remaining parties, the action may proceed; but the death of the party or the cessation of his powers shall be first stated on the record.” Section 5148 provides: “ When one of the parties to an action dies, or his powers as a personal representative cease before judgment, if the right of action survives in favor of or against his representatives or successor, the action may be revived, and proceed in the name of such representatives or successor.”
We are of the opinion that the judgment, having been rendered after the cessation of the powers of Mrs. Dunham as executrix, was wholly void as evidencing the existence of a claim against that estate.
There was some further evidence in behalf of Mrs. Welsh. She had promissory notes which were admitted in evidence. It is said the signature of the notes was not proved, and it was not; but that objection was not made to the introduction of the notes, and we think for the purpose of this case, it should be treated as if they were in evidence. The notes were made payable to James Welsh, and they were ample proof of the existence of the debt. But there was no proof that James Welsh was dead, or that Caroline S. Welsh was ever appointed his executrix. It is true, in the proceeding she called herself so; but having proved that these notes existed in favor of James Welsh, and claiming herself as being a creditor of Dunham, it was her duty to show that that right had passed from James to her, which she might have done by proving the death of James Welsh, and that she was appointed by the proper court as executrix. That proof was wanting entirely, and the judgment of the court below is affirmed.